No. 837

First Circuit

MRS. BERTHA BOLIN v. R. A. CUYLER ET AL.

(October 7, 1931. Opinion and Decree.)
(December 8, 1931. Rehearing Refused.)

Rownd & Warner, of Hammond, attorneys for plaintiff, appellant.

B. & M. Purser, of Amite and Robert L. A. Indest, of New Orleans, attorneys for defendants, appellees.

LeBLANC, J. This suit arises out of an automobile collision which took place on the Hammond-Amite paved highway, at a point about a mile and a half or two miles north of Independence, at about 3 o'clock of the afternoon of April 21, 1930. The collision was between a Hudson sedan belonging to St. Clair Bolin, which was being driven at the time by his wife, Mrs. Bertha Bolin, plaintiff herein, and an Oldsmobile sedan, belonging to and being driven by R. A. Cuyler, one of the defendants. On an allegation of fact that Cuyler was an employee of the Louisiana Power and Light Company, and was, at the time of the accident on a mission in the interest of his employer, that company was also made a party defendant to this suit of Mrs. Bertha Bolin to recover the sum of $2,000 for damages for personal injuries.

Exceptions of misjoinder of parties defendant on the part of both defendants, and one of no cause of action on the part of the defendant Louisiana Power and Light Company were filed and submitted in the lower court and were all overruled. Answers were then filed by both defendants. Cuyler denies the negligence he is charged with in driving his car at a high and excessive rate of speed and thus causing the accident, and he alleges that it was caused solely through the carelessness of Mrs. Bolin, who in attempting to pass a car which was traveling ahead of her, lost control of her car, swerved to his side of the road and ran into him. He reconvenes in his answer and prays for judgment against her in the sum of $525 for damages to his automobile. He admits that he was in the employ of the Louisiana Power and Light Company, but alleges that he was driving his own automobile and was not at the time acting within the scope of his employment. This latter company for answer, denies liability and makes further denials and general averments, following very much those made by Cuyler. It also admits his employment by them but denies that he was at the time acting within its scope.

The trial on the merits resulted in a judgment rejecting the plaintiff's demand against both defendants and also dismissing the demand of Cuyler in reconvention. Plaintiff appealed and Cuyler has answered the appeal praying that the judgment be affirmed in so far as it rejected plaintiff's demand, but that it be reversed in so far as it rejected his claim in reconvention and that he recover judgment for the amount asked by him.

We find no reference to the exceptions which were submitted and overruled in the lower court. We take it that they have been abandoned and will therefore not consider them.

A careful consideration of the record has led us to the conclusion that this accident was caused by Mrs. Bolin losing control over the driving of her car after she had attempted to pass ahead of a Ford touring car which was in front of her, and then, on realizing that she could not do so before meeting the Cuyler car which was coming towards her, she tried to get back again of the Ford, became confused after she struck the latter car a glancing blow on the fender, and ran into the Cuyler automobile.

These of the facts are not seriously disputed: Cuyler was driving north. Driving south at the same time were a man named Bahm, in the Ford touring car referred to, which was loaded with strawberries; a man named Kolb, alone in a Plymouth car, and Mrs. Bolin, in the Hudson sedan. Bahm was driving very slowly on his right-hand side of the road. Kolb, who was just back

of him, passed ahead of Bahm without difficulty, and following closely behind, came Mrs. Bolin, who started to do the same. She evidently saw the Cuyler car approaching and became hesitant as to whether she should continue in her effort to pass the Ford, before meeting Cuyler. She started to go, even went as far as the Ford's left rear fender, struck it a glancing blow, bending it slightly, then changed her mind about going on, tried to drop back of the Ford again, and that is when the collision occurred. The disputed point arises at this moment. Did she run into Cuyler or did the latter run across the paved road and run into her car?

It appears to be pretty well established that Cuyler, when he saw the confusion Mrs. Bolin apparently was in, ran his car as far to his right-hand side of the road as he could, to the extent even of placing the two right side wheels off of the pavement onto the soft dirt shoulder of the road. Bahm says that when Cuyler passed him, that was the position of his car as relates to the pavement and the shoulder of the road. That, we must bear in mind, was just a flash before the collision. It is also borne out by the testimony of the witness Felder, who arrived at the scene of the accident within three or four minutes after it happened, and who examined the tracks made by the wheels, that the two right wheels of the Cuyler car never left the shoulder part of the road. If that be accepted as a proven physical fact, we must conclude that the Cuyler car did not run across the pavement and strike the Bolin automobile, as it is contended it did. Such fact rather is corroborative of his testimony that it was Mrs. Bolin who swerved across the road and ran into him. It is difficult for us to accept Kolb's testimony which supports Mrs.

Bolin's version, as we think it was almost impossible for him to have visualized all he says he did by looking through the small rear vision mirror in the front of his car. Neither are we very much impressed by the testimony of the small negro boy, Joe Love, who says that the Cuyler car ran into the other.

Counsel for the plaintiff seem to rely in a large measure on the facts as to the respective damage to the cars to show that the Hudson was run into by the Oldsmobile. Aside from the physical evidence showing that both cars were mostly damaged on their left sides, it is always difficult, we believe, to account for the way in which automobiles are damaged in accidents of this kind. The sudden swerving of a car or its skidding on an instant application of the brakes in an emergency, may produce an entirely different result from that which might have been expected. The physical facts, if anything, favor the defendant Cuyler in this case.

Our view of the matter, as already stated, is that Mrs. Bolin lost control of her steering wheel when she realized of a sudden that she could not get by the Ford touring car before meeting Cuyler. When she lightly struck the fender of the Ford car, she became more confused than ever, was very nervous as she herself admits, and does not remember much what happened afterwards.

If Mrs. Bolin's negligence was the sole and only cause of the accident, it would be difficult to deny the plaintiff Cuyler his demand in reconvention. The lower court satisfied itself by simply dismissing it for lack of evidence. In the reasons assigned for judgment against the plaintiff, the court seems to absolve Cuyler from all negligence. If by lack of evidence the

court meant that Cuyler had not proved his damages, we believe that it was in error, as there is no doubt that his automobile was a total wreck after the accident, for the salvage of which he obtained the sum of $75. He proved that it had an insurable value of $600, for which amount he carried a policy of insurance on it. He arrived at the amount of damages which he claimed by taking this value into consideration and deducting therefrom the $75 which he received for the wreck. This seems to us to be a fair way by which to compute his damage, and his testimony on this point is not questioned or contradicted. We therefore fix his damage at the sum asked for by him, $525.

For the foregoing reasons, it is ordered, adjudged, and decreed that the judgment of the lower court, to the extent that it rejected the plaintiff's demand as against both defendants, be and the same is hereby affirmed, but that the same, in so far as it rejected the reconventional demand of the defendant R. A. Cuyler be, and it is hereby avoided, annulled, and reversed, and it is now ordered that there be judgment in favor of the said defendant R. A. Cuyler, plaintiff in reconvention, and against Mrs. Bertha Bolin, plaintiff and defendant in reconvention, in the full and entire sum of $525 with legal interest from date of judicial demand, and all costs of this proceeding.

———

ELLIOTT, J., dissenting. It seems to me to be the proper inference from the action of R. A. Cuyler in leaving the pavement and getting on the shoulder of the road while Kolb was passing him, that he had already noticed Mrs. Bolin's movement, the purpose of which was to pass the Bahm car in front of her as Kolb had done, and her movement was a threatening obvious danger, calling on him for "due regard to the traffic, surface width of the highway, and any other conditions then existing, and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb, or property of any person. He should have then and there checked his speed and gotten his car under control instead of proceeding at between 35 and 45 miles an hour in the face of the confronting situation. Getting on the shoulder of the road was to no purpose. What he needed to do was to check his speed and stop if need be, while there was still distance and time in which to do so. The distance at the time he turned off the pavement from where he was to Mrs. Bolin cannot be definitely stated, but evidently it was 75 feet or more and prompt action on his part would have avoided a collision. Cuyler, defendant, says he did check his speed and had nearly stopped at the moment of the impact, but that cannot be the case. Mrs. Bolin was not driving faster than Bahm and he was driving at about 20 miles an hour. Cuyler's car was an Oldsmobile sedan, almost as good as new and that of Mrs. Bolin was a Hudson sedan almost as good as new, and the impact was such that both cars were thereby rendered almost worthless. The evidence shows that Cuyler struck Mrs. Bolin before she could get back to her side of the road and the velocity which produced the destruction accomplished, undoubtedly came from the Cuyler car. Cuyler appears to me to have been at fault for not timely checking or stopping, if necessary, in the presence of an obvious danger before it was reached. His fault contributed to bring about the collision, so he should, I think, bear the loss of his own car, just as Mrs. Bolin bears her own loss. I think the judgment appealed from is correct and that it should be affirmed.